## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DENA K. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-2212-KHV** |
| **ROBERT M. DAY, in his official capacity as Director,** | ) | |
| **Kansas Division of Health Policy And Finance,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiff's Motion For A Temporary Restraining Order And A Preliminary Injunction</u> (Doc. #3) filed May 26, 2006 to prevent defendant from terminating plaintiff's Medicaid benefits during the pendency of this case. On June 2, 2006, the Court entered a temporary restraining order. On June 7, 2006, the parties presented oral argument and agreed to submit the matter based on evidence which they submitted at the hearing and in support of their briefs. For reasons stated below, the Court sustains plaintiff's motion for a preliminary injunction.

### Preliminary Injunction Standards

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." <u>Tri-State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc.</u>, 805 F.2d 351, 355 (10th Cir. 1986). A preliminary injunction is a drastic and extraordinary remedy, and courts do not grant it as a matter of right. <u>Paul's Beauty Coll. v. United States</u>, 885 F. Supp. 1468, 1471 (D. Kan. 1995); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 2948, at 128-29 & nn.3, 6-7 (1995). To obtain a preliminary injunction, plaintiff must establish (1) a

substantial likelihood that she will eventually prevail on the merits; (2) irreparable injury unless the preliminary injunction issues; (3) that the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendants; and (4) that the preliminary injunction, if issued, will not be adverse to the public interest. <u>Tri-State</u>, 805 F.2d at 355. The Court must deny injunctive relief if plaintiff fails to establish any requisite element, <u>Packerware Corp. v. Corning Consumer Prods. Co.</u>, 895 F. Supp. 1438, 1446 (D. Kan. 1995), and plaintiff must establish by clear and unequivocal proof that she is entitled to injunctive relief. <u>Penn v. San Juan Hosp., Inc.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975).

### Findings Of Fact And Legal Background

Based on the record evidence, the Court makes the following findings of fact:

Plaintiff is a developmentally disabled adult who resides at a private, not-for-profit residential care facility. Absent Medicaid, the full cost to her of the services she receives would be approximately $5,000 a month. Plaintiff receives $864 a month in Social Security benefits because she is an adult disabled child.

Robert M. Day is the director of the Kansas Division of Health Policy and Finance (HPF). Day is responsible for determining and implementing policies for medical assistance programs, including Medicaid, which HPF administers.

Title XIX of the Social Security Act, 42 U.S.C. § 1395 <u>et seq.</u>, established the Medicaid program. The Medicaid program is a cooperative endeavor in which the federal government provides financial assistance to participating states to help them furnish health care to persons who cannot meet the costs of such care. 42 U.S.C. § 1396; <u>Harris v. McRae</u>, 448 U.S. 297, 301 (1980). Federal and state governments share the costs of the program. While a state is not obliged to participate in Medicaid, it must operate its program in compliance with federal statutory and regulatory requirements if it elects to

2

participate.  42 U.S.C. § 1396a.  Kansas has chosen to participate in Medicaid.

All participating states are required to cover the "categorically needy," which primarily consist of persons who receive cash assistance such as Supplemental Security Income (SSI) from the Social Security Administration.  42 U.S.C. § 1396a(a)(10)(A)(ii).  Participating states may also cover the "medically needy," i.e. those persons whose income makes them ineligible for cash benefits, but who otherwise qualify for the cash assistance programs under the Social Security Act.  Id.  "Medically needy" individuals include persons who are 18 years of age or older and are permanently disabled.  42 U.S.C. § 1396d(a)(v). Kansas has elected to provide coverage to the "medically needy."  K.A.R. 30-6-85(c).

In determining income and resource eligibility for Medicaid, states may not employ a methodology which renders an individual ineligible for Medicaid where that individual would be eligible for SSI.  See 42 U.S.C. § 1396a(r)(2)(A)(i).  In addition, states must use reasonable standards for determining eligibility which only take into account income and resources which are available to the recipient and which would not be disregarded in determining eligibility for SSI.  42 U.S.C. § 1396a(a)(17).  For SSI purposes, if an individual has no authority to liquidate a property right, it is not considered an "available resource."  20 C.F.R. § 416.1201(a)(1).  Social Security Administration guidance further explains that a trust is an "available resource" only if the beneficiary has the legal authority to compel the use of trust assets for her own support and maintenance.  See Social Security Administration, Program Operating Manual System ("POMS") § S01120.200(D)(2).

Plaintiff's mother died in 2003, and plaintiff became a beneficiary under a residuary trust which provides in relevant part as follows:

With respect to each separate Residuary Trust, the Trustee may pay to or use and apply

for the benefit of any one or more of the group consisting of the child for whom the trust is created and such child's living descendants, all or any part of the net income of such trust estate as necessary for the health, education, maintenance and/or support of the members of this group . . . .

***

If, at any time . . ., the Trustee shall determine that (a) the child for whom the Residuary Trust is created . . . is in need of funds in excess of net income which is available for distribution from the trust (taking into consideration all other sources of support which each beneficiary has to the knowledge of the Trustee) and (b) such funds are needed for such beneficiary's health, education, maintenance and/or support, then the Trustee may distribute such amounts of the principal of such trust estate as necessary to relieve any such need, in whole or in part.

* * *

To the extent the Trustee is given the discretion to make a distribution of income or principal of a Trust created hereunder for any beneficiary's health, education, support, or maintenance, such Trust income or principal shall be supplemental to any resources available for such needs from any local, regional, state or federal government or agency or from private agencies, it being Grantor's express purpose and intent that such Trust income or principal note [sic] be utilized for such purposes to the extent such needs are otherwise provided for from such other resources.

Dena K. Brown Irrevocable Trust §§ I.D.(2)(a), (b), V.P., attached to Preliminary Injunction Hearing Exhibit 4.

Before 2004, Kansas did not consider plaintiff's trust resources as "available resources" because she could not compel the trustee to disperse them on her behalf. Effective July 1, 2004, however, Kansas law was amended to provide that a trust will be considered an available resource to the full extent of the trustee's discretion to make any trust resources available to the beneficiary. See K.S.A. 39-709(e)(3). The amended statute reads as follows:

Resources from trusts shall be considered when determining eligibility of a trust beneficiary for medical assistance. Medical assistance is to be secondary to all resources, including trusts, that may be available to an applicant or recipient of medical assistance. If a trust has discretionary language, the trust shall be considered to be an available resource to the extent, using the full extent of discretion, the trustee may make any of the income or principal available to the applicant or recipient of medical assistance. Any such

4

discretionary trust shall be considered an available resource unless: (1) The trust is funded exclusively from resources of a person who, at the time of creation of the trust, owed no duty of support to the applicant or recipient; and (2) the trust contains specific contemporaneous language that states an intent that the trust be supplemental to public assistance and the trust makes specific reference to medicaid, medical assistance or title XIX of the social security act.

Id.

In August of 2005, HPF notified plaintiff that effective August 31, 2005, she was ineligible for medical assistance because of excess resources. Plaintiff timely requested a hearing, and the hearing officer reversed the decision to terminate plaintiff's Medicaid benefits. On April 30, 2006, HPF reversed the decision of the hearing officer and reinstated the termination of benefits effective May 31, 2006.

On May 25, 2006, plaintiff filed suit against Day in his official capacity as director of HPF and Gary J. Daniels in his official capacity as Secretary of the Kansas Department of Social and Rehabilitation Services.[1] Plaintiff claims that HPF's decision to count the assets of her mother's trust as an "available resource" violates federal Medicaid law. Plaintiff seeks to enjoin HPF from terminating her Medicaid coverage based on the trust assets.

**Conclusions Of Law**

To obtain a preliminary injunction, plaintiff must establish (1) that she will suffer irreparable injury unless the preliminary injunction issues; (2) that the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendant; (3) that the preliminary injunction, if issued, will not be adverse to the public interest; and (4) a substantial likelihood that she will eventually prevail on the merits. Tri-State Generation, 805 F.2d at 355.

---

[1]     By agreement of the parties, the Court has dismissed Daniels from the case.

5

## I.       Irreparable Injury

Unless plaintiff can compel the trust to expend money on her behalf, plaintiff risks deprivation of food, shelter and medical care without Medicaid assistance. Even though the Court could award retroactive Medicaid benefits, such a remedy would not adequately compensate plaintiff for deprivation of basic human needs. This factor weighs in favor of plaintiff.

## II.      Balance Of Hardships

Absent an injunction, unless plaintiff can compel the trust to expend money on her behalf, plaintiff faces potential discharge from her residential care facility. On the other hand, an injunction would require defendant to continue to fund plaintiff's care under Medicaid. Any loss to defendant could be recovered if plaintiff posts a bond in this matter. Plaintiff, on the other hand, would face imminent deprivation of food, shelter, medical care and other necessities of life. This factor weighs in favor of plaintiff.

## III.     Public Interest

Public interest certainly favors care of developmentally disabled adults such as plaintiff. Defendant argues that the public interest requires that public assistance be available only to the destitute and truly needy. Of course, plaintiff is truly needy if she cannot compel the trustee to make payments to her residential care facility. Moreover, a preliminary injunction would only make public assistance available to plaintiff in the short term. If the Court ultimately finds against plaintiff, defendant can recover whatever funds it has advanced from the bond in this case. This factor weighs in favor of plaintiff.

## IV.      Substantial Likelihood Of Success On Merits

To demonstrate a substantial likelihood of success on the merits, plaintiff is required to present "a prima facie case showing a reasonable probability that [she] will ultimately be entitled to the relief sought."

See Autoskill Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1487 (10th Cir.), cert. denied, 510 U.S. 916 (1993). Ordinarily, if the other three requirements for a preliminary injunction are satisfied, it is enough if plaintiff raises "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." Id. In cases involving governmental action, however, a more rigorous standard applies. See Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003). The Tenth Circuit has noted as follows:

> [T]he Second Circuit has held, and we agree, that "[w]here . . . a preliminary injunction seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the less rigorous fair-ground-for-litigation standard should not be applied."

Id. (quoting Sweeney v. Bane, 996 F.2d 1384, 1388 (2d Cir. 1993)) (additional citations omitted).

Even under the more rigorous standard, however, the Court finds that plaintiff has established a substantial likelihood of success on the merits. Under federal law, states may not employ a methodology which renders an individual ineligible for Medicaid where that individual would be eligible for SSI purposes. See 42 U.S.C. § 1396a(r)(2)(A)(i). For SSI purposes, if an individual has no authority to liquidate a property right, it is not considered an "available resource." 20 C.F.R. § 416.1201(a)(1). Social Security Administration guidance further explains that a trust is an "available resource" only if the beneficiary has the legal authority to compel the use of trust assets for her own support and maintenance. See Social Security Administration, POMS § S01120.200(D)(2).

In this case, plaintiff does not have legal authority to compel the trustee to use trust assets to pay for her residential care. The trust provides that the trustee "may" use trust income and assets as necessary for plaintiff's health, education, maintenance and support. Dena K. Brown Irrevocable Trust §§ I.D.(2),

(a), (b).  It does not mandate that the trustee make such payments and certainly does not require such payments to the residential facility where plaintiff currently resides.  Dena K. Brown Irrevocable Trust § V.P.  Moreover, the trust requires that such payments be supplemental to other available public and private assistance.  Id.  Because the trustee has discretion to make distributions, plaintiff cannot compel the trustee to use trust assets and income to pay for her residential care.  See Myers v. Kan. Dep't of Social & Rehab. Servs., 254 Kan. 467, 478, 866 P.2d 1052, 1059 (1994) (under discretionary trust, trustee may be required to distribute funds only if he is abusing discretion by acting arbitrarily, dishonestly or improperly); Simpson v. State of Kansas, 21 Kan. App.2d 680, 689-90, 906 P.2d 174, 181 (1995) (under discretionary trust, beneficiary cannot compel distributions in lieu of public medical assistance payments).

The standards that a state adopts for determining the extent of medical assistance must be reasonable and consistent with the objectives of Title XIX.  42 U.S.C. § 1396a(a)(17).  The primary objective of Title XIX, broadly stated, is to enable each state, as far as practicable, to furnish medical assistance to individuals whose income and resources are insufficient to meet the costs of necessary medical services.  42 U.S.C. § 1396; Beal v. Doe, 432 U.S. 438, 444 (1977).

In reviewing the actions of a state agency administering federal Medicaid funding, a court is limited in deciding whether the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Visser v. Taylor, 756 F. Supp. 501, 506 (D. Kan. 1990) (quoting Friedman v. Perales, 668 F. Supp. 216, 221 (S.D.N.Y. 1987), aff'd, 841 F.2d 47 (2d Cir. 1988)).  At this stage, the Court's view is based on limited briefing and the limited record before the Court.  It nonetheless concludes that in terminating plaintiff's Medicaid coverage based on K.S.A. § 39-709(e)(3), HPF has acted

arbitrarily, capriciously and in contravention of 42 U.S.C. § 1396a(r)(2)(A)(i).  See Seidenberg v. Weil,

No. 95-WY-2191-WD, 1996 WL 33665490, at *7 (D. Colo. Nov. 1, 1996) (counting trust as available

resource where beneficiary cannot compel trustee to use assets for beneficiary's support and maintenance

violates federal Medicaid statute).  Accordingly, plaintiff has established a substantial likelihood of success

on the merits.

**V.      Conclusion**

Based on the foregoing factors, the Court concludes that pending final judgment in this case, plaintiff

is entitled to a preliminary injunction which prevents defendant from terminating her Medicaid benefits.

**VI.     Bond**

Plaintiff's Medicaid benefit is approximately $140 a day.  Under the terms of the trust, the trustee

can loan money to the trust beneficiary, and the Court has no reason to believe that he is unwilling to lend

such money or that plaintiff is unwilling to borrow.  Accordingly, plaintiff appears to have the ability to post

a bond from the liquid assets of the trust.  The preliminary injunction shall be contingent on plaintiff

continuing to provide the Court a bond in the amount of $140 a day, drawn to the order of the Clerk of

the Court for the District of Kansas, to be held pursuant to Rule 65(c), Fed. R. Civ. P., pending further

order of the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For A Temporary Restraining Order

And A Preliminary Injunction (Doc. #3) filed May 26, 2006 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that (1) Robert M. Day, in his official  capacity as Director,

Health Policy and Finance is enjoined from terminating plaintiff's medical assistance benefits until final

judgment in this case; (2) this Order shall be binding upon the parties, their officers, agents, servants,

employees, and attorneys, and those persons in concert or participation with them; and (3) this Order shall

remain effective until the conclusion of this case provided plaintiff continues to provide the Court a bond

in the amount of $140 a day, drawn to the order of the Clerk of the Court for the District of Kansas, to be

held pursuant to Rule 65(c), Fed. R. Civ. P., pending further order of the Court.

Dated this 8th day of June, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge