# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENA K. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2212-KHV |
| **ROBERT M. DAY, in his official capacity as Director,** ) | |
| **Kansas Division of Health Policy and Finance,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Dismiss (Doc. #15) filed July 3, 2006. Defendant argues that the Court should abstain from hearing the case under the Younger doctrine, see Younger v. Harris, 401 U.S. 37 (1971), and the Colorado River doctrine, see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). For reasons stated below, the Court finds that the Younger doctrine commands abstention and sustains the motion.

## Factual Background

The material facts are undisputed and may be summarized as follows:

Plaintiff is a developmentally disabled adult who resides at a private, not-for-profit residential care facility. Absent medical assistance, she would be responsible for approximately $5,000 a month for services which she receives there.

Robert M. Day is the director of the Kansas Division of Health Policy and Finance ("HPF"). Day is responsible for determining and implementing policies for medical assistance programs, including Medicaid, which HPF administers.

Plaintiff's mother died in 2003, and plaintiff became a beneficiary of a residuary trust, which gave the trustee discretion to distribute income and/or principal to plaintiff for health, education, support or maintenance needs. In August of 2005, HPF notified plaintiff that effective August 31, 2005, she was ineligible for medical assistance because her interest in the trust counted as an available resource under applicable law. Plaintiff timely requested an administrative hearing, at which the hearing officer reversed the decision to terminate plaintiff's Medicaid benefits. On April 26, 2006, HPF reversed the hearing officer's decision and reinstated the termination of benefits, see Final Order, Exhibit 10 attached to Plaintiff's Response In Opposition To Motion To Dismiss (Doc. #16) filed July 6, 2006, effective May 31, 2006, see Exhibit A attached to Complaint (Doc. #1) filed May 25, 2006.

On May 25, 2006, plaintiff filed suit against Day in his official capacity as director of HPF.[1] Plaintiff claims that HPF's decision to count the assets of her mother's trust as an "available resource" violates federal Medicaid law. Plaintiff seeks injunctive and declaratory relief.

## Discussion

Defendant argues that the Court should abstain under Younger and Colorado River.

Younger dictates that a federal district court abstain from exercising jurisdiction when (1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated

---

[1] Plaintiff also sued Gary J. Daniels in his official capacity as Secretary of the Kansas Department of Social and Rehabilitation Services. By agreement of the parties, the Court has dismissed Daniels from the case.

state policies.  Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999). Absent extraordinary circumstances, abstention is mandatory when these elements are satisfied. Id.

Defendant argues that each of these elements is satisfied, and that the Court should abstain and dismiss plaintiff's claim.  Plaintiff challenges only the first element, arguing that no state proceeding was pending when her federal claim was filed.

**I.     Pending State Proceeding**

This case concerns plaintiff's challenge to HPF's decision in August of 2005 to terminate her medical assistance.  Plaintiff challenged HPF's decision through an administrative proceeding, and defendant ultimately resolved the matter by terminating plaintiff's assistance on April 26, 2006.[2]  Defendant argues that, because plaintiff then had the right to appeal HPF's decision in state court, the administrative proceeding was pending when plaintiff filed her federal complaint on May 25, 2006.  Plaintiff argues that the administrative proceeding became final on April 26, 2006, and that after that date nothing could have been done to extend or revive the proceeding.  Thus, plaintiff argues, no state proceeding was pending when she filed the federal claim.[3]

---

[2] As a threshold matter, Younger applies only to proceedings which are judicial in nature. A judicial proceeding is one which "investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed to already exist." New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 370 (1989).  Plaintiff's administrative challenge constitutes a judicial proceeding because HPF determined plaintiff's eligibility for medical assistance, and the liability of the State of Kansas to provide such assistance, under current Medicaid law.

[3] Both parties discuss a civil enforcement action against plaintiff, see Exhibit A attached to Memorandum In Support Of Motion To Dismiss (Doc. #15-2) filed July 3, 2006, which defendant states that he intends to file in state court.  The record does not reveal whether defendant has filed such action. The Court therefore will not consider it in determining the existence of a pending state proceeding.  In any case, as the Court will explain, it finds that the original administrative proceeding which plaintiff initiated was
(continued...)

A proceeding is considered to be pending if "as of the filing of the federal complaint not all state appellate remedies have been exhausted." Mounkes v. Conklin, 922 F. Supp. 1501, 1511 (D. Kan. 1996). Younger's exhaustion requirement is well established. See Huffman v. Pursue, 420 U.S. 592, 610 (1975) (considerations of comity and federalism permit no truncation of exhaustion requirement simply because chance of success on appeal not auspicious); see also Stein v. Legal Adver. Comm. of the Disciplinary Bd., 122 Fed. Appx. 954, 957 (10th Cir. 2004) (exhaustion rule is clear and sensible approach to Younger).[4]

Under the Kansas Administrative Procedure Act, K.S.A. § 77-501 et seq., HPF's Final Order became effective upon service on plaintiff. See K.S.A. § 77-530(a). Contrary to plaintiff's argument, however, the effective date of a final order does not terminate the administrative proceeding. The Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. § 77-601 et seq., governs appeals of administrative proceedings to state court. Specifically, the Act provides that "a petition for judicial review of a final order shall be filed within 30 days after service of the order." K.S.A. § 77-613(b). Where the final order is served by mail, an additional three days are added to this deadline. K.S.A. § 77-613(e). Petition to state district court provides the "exclusive means of judicial review of agency action." K.S.A. § 77-606.

---

[3](...continued)
pending when she filed suit in federal court.

[4]     Citing Monroe v. Pape, 365 U.S. 167 (1961), plaintiff argues that an action under 42 U.S.C. § 1983 does not require plaintiff to avail herself of state judicial remedies before pursuing her federal action. In Monroe, the Supreme Court held that one seeking redress under Section 1983 need not first initiate state proceedings based on related state causes of action. 365 U.S. at 183. Monroe had nothing to do with the deference to be accorded state proceedings which have already been initiated and which afford a competent tribunal for the resolution of federal issues. Huffman, 420 U.S. at 609 n.21.

4

Plaintiff chose not to appeal HPF's final order through avenues of state-court review provided by Kansas law. Instead, plaintiff chose to proceed directly to federal district court. In fact, the present action was filed within the statutory window for obtaining judicial review of administrative orders in state court.[5] Thus, plaintiff did not exhaust her appellate remedies within the state system and her federal action is premature at best. See Stein, 122 Fed. Appx. at 957 (federal action premature without exhaustion of state appellate remedies). Moreover, even if the 30-day time limit for appeal to state court has run, plaintiff is not excused from the exhaustion rule and the principles of Younger would still apply. See Huffman, 420 U.S. at 611 n.22 (plaintiff may not avoid Younger by failing to perfect appeal within state judicial system). The first requirement of Younger is met because the state administrative proceeding was pending at the time that plaintiff filed her federal action.

## II. Adequate State Forum

Plaintiff does not challenge the second Younger requirement that the state court provides an adequate forum to resolve plaintiff's claims in the federal action. For purposes of this requirement, it is sufficient that plaintiff's federal claims may be raised "in state-court judicial review of the administrative proceeding." Trans Shuttle, Inc. v. Pub. Utils. Comm'n, 24 Fed. Appx. 856, 859 (10th Cir. 2001). Here, the state court may properly hear an appeal of the administrative proceeding which challenges an agency's decision as contrary to federal law. See K.S.A. § 77-621(c)(4) (court shall grant relief if it determines that agency erroneously interpreted or applied the law); see Nevada v. Hicks, 533 U.S. 353, 366 (2001) (state

---

[5] Twenty-nine days passed between HPF's final order of April 26, 2006, and plaintiff's filing of her federal complaint on May 25, 2006. Under Kansas law, plaintiff had 33 days to seek judicial review of HPF's final order, see K.S.A. § 77-613(b), (e) (standard 30 days with additional three days for service by mail), giving her to May 30, 2006, to perfect her appeal.

courts of general jurisdiction capable of adjudicating claims invoking federal statutes). Indeed, in such appeal the state district court is required to evaluate plaintiff's claims in light of federal Medicaid law. See Martin v. Kansas Dep't of Social & Rehab. Servs., 26 Kan. App.2d 511, 514, 988 P.2d 1217, 1219-20 (1999) (in judicial review of administrative proceeding, district court must interpret state Medicaid law in conformity with federal Medicaid law). Further, the state court is permitted to award plaintiff the injunctive and declaratory relief which she now seeks in federal court. See K.S.A. § 77-622(b). The second requirement of Younger is met because the state court provides an adequate forum to hear the claims raised in plaintiff's federal complaint.

### III. Important State Interests

Plaintiff does not challenge the third Younger requirement that the state proceeding involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. Protecting the fiscal integrity of public assistance programs is an important state interest. Trainor v. Hernandez, 431 U.S. 434, 444 (1977). State courts also maintain a strong interest in construing state statutes with regard to federal law challenges to those statutes. Id. at 445. The third requirement of Younger is met because important state interests are implicated in this case.

### IV. Extraordinary Circumstances

Where the three requirements of Younger are satisfied, the Court must abstain unless extraordinary circumstances exist. The Younger doctrine does not require abstention where the state proceeding is motivated by a desire to harass or is brought in bad faith. Huffman, 420 U.S. at 611. No improper motive

is present in this case.[6] Younger will also not require abstention "where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." Id. (internal quotations omitted). The Kansas statute challenged by plaintiff does not meet this demanding test. The Court cannot find any extraordinary circumstances that would permit it to avoid application of the Younger doctrine.

Where the elements of Younger are satisfied, and no extraordinary circumstances are present, dismissal of plaintiff's equitable claims is proper. Taylor v. Jaquez, 126 F.3d 1294, 1298 (10th Cir. 1997). Here, plaintiff's complaint seeks only injunctive and declaratory relief, making dismissal of the entire action appropriate.[7] Because the Court abstains and dismisses the action under Younger, the Court does not reach defendant's arguments for abstention under Colorado River.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #15) filed July 3, 2006 be and hereby is **SUSTAINED**.

---

[6] Plaintiff argues that defendant intends to file a civil enforcement petition in bad faith solely for the purpose of creating a pending state proceeding so as to satisfy the first element of Younger. As explained above, however, for the purposes of Younger, the relevant state proceeding is the administrative proceeding which was pending when she filed federal suit.

[7] The Court is painfully aware that its decision may leave plaintiff without recourse as any appeal to the state court is apparently out of time. See *In re* Appeal of Sumner County, 261 Kan. 307, 313, 930 P.2d 1385, 1388 (1997) (time for taking administrative appeal prescribed by statute is jurisdictional, and delay beyond statutory time limit typically fatal). Because Kansas law recognizes the unique circumstances doctrine, however, it may be possible for plaintiff to resurrect her state claim. Id. at 313-14, 930 P.2d 1389-90. In the alternative, if defendant should deny a future claim for benefits, plaintiff may timely pursue her appeal through the state courts.

Dated this 27th day of October, 2006 at Kansas City, Kansas.

                                                   s/ Kathryn H. Vratil
                                                   KATHRYN H. VRATIL
                                                   United States District Judge