IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENA K. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2212-KHV |
| **ROBERT M. DAY, in his official** ) | |
| **capacity as Director, Kansas Division** ) | |
| **of Health Policy and Finance,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

On May 25, 2006, plaintiff filed suit under 42 U.S.C. § 1983 alleging that the State of Kansas disqualified her from Medicaid benefits in violation of federal law. On October 27, 2006, in reliance on the Younger abstention doctrine, the Court dismissed plaintiff's action. See Younger v. Harris, 401 U.S. 37 (1971); Memorandum And Order (Doc. #27). On February 28, 2007, the Court overruled plaintiff's motion to alter or amend the judgment. See Memorandum And Order (Doc. #47). This matter the Court on Plaintiff's Motion To Stay The Judgment Pending Appeal (Doc. #49) filed March 1, 2007.[1]  For reasons stated below, the Court sustains plaintiff's motion on the condition that plaintiff post a bond.

Plaintiff asks the Court to stay enforcement of the judgment pending the outcome of her appeal to

---

[1] On March 25, 2007, after the deadline to file a response to plaintiff's motion to stay had passed, defendant filed a motion for extension of time to respond and attached a proposed response. See Motion For Extension (Doc. #51). Defense counsel maintains that he has been extremely busy the past two weeks. See id. at 1. Defendant has not shown good cause for his failure to timely respond to the motion to stay or to request an extension of time before the expiration of the original deadline. The Court therefore overrules defendant's motion for extension of time. Even if the Court considered the arguments in defendant's proposed response, the Court would reach the same result on plaintiff's motion.

the Tenth Circuit. Plaintiff maintains that if she prevails on appeal, she will not have an adequate remedy to recover the amount which is payable to defendant under the current judgment. In the proposed response to plaintiff's motion, defendant maintains that plaintiff has adequate trust funds to pay for her care during an appeal. Defendant, however, has not explained how plaintiff could recover those funds if she ultimately prevails.[2] In any event, under Rule 62(d), Fed. R. Civ. P., plaintiff is entitled to a stay by giving a supersedeas bond. The Court previously granted plaintiff a preliminary injunction contingent on plaintiff continuing to provide the Court a bond in the amount of $140 a day. See Memorandum And Order (Doc. #13) at 9. Accordingly, the Court stays enforcement of the judgment in this matter pending the outcome of plaintiff's appeal on the condition that plaintiff post a supersedeas bond in the amount of $140 a day with the total amount of the bond not to exceed the resources in the Dena K. Brown Irrevocable Trust. See Attachment to Preliminary Injunction Hearing Exhibit 4.

**IT IS THEREFORE ORDERED** that defendant's Motion For Extension (Doc. #51) filed March 25, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Stay The Judgment Pending Appeal (Doc. #49) filed March 1, 2007 be and hereby is **SUSTAINED on the condition that plaintiff post a supersedeas bond in the amount of $140 a day with the total amount of the bond not to exceed**

---

[2]   A party ordinarily has an equitable right to recover such funds. See Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006); see also Baltimore & Ohio R.R. v. United States, 279 U.S. 781, 786 (1929) (right to recover what one has lost by enforcement of judgment subsequently reversed is well established; while controversy and parties before court, it has jurisdiction to enforce restitution and so far as possible to correct what has been wrongfully done) (citations omitted). Here, plaintiff argues that she does not have such a remedy because defendant is immune from a claim for damages under the Eleventh Amendment.

**the resources in the Dena K. Brown Irrevocable Trust.**

Dated this 29th day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
